**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

GROUP 54 Cases As Follows:

UNITED STATES OF AMERICA,

    Plaintiff,

v.

| | |
|---|---|
| 0.11 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 11-21035-CIV-UNA/TURNOFF<br>TRACT NO. 114-104 |
| 0.84 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 11-22593-CIV-UNA/TURNOFF<br>TRACT NO. 145-37 |
| 0.45 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 11-22594-CIV-UNA/TURNOFF<br>TRACT NO. 141-61 |
| 0.22 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 11-22595-CIV-UNA/TURNOFF<br>TRACT NO. 511-54 |
| 0.32 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 11-22596-CIV-UNA/TURNOFF<br>TRACT NO. 511-55 |
| 0.45 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 11-22597-CIV-UNA/TURNOFF<br>TRACT NO. 141-62 |
| .11 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 11-22598-CIV-UNA/TURNOFF<br>TRACT NO. 114-105 |

| | |
|---|---|
| 0.11 ACRES OF LAND, MORE OR LESS, IN THE COUNTY OF DADE, STATE OF FLORIDA, et al., | 11-22599-CIV-UNA/TURNOFF TRACT NO. 135-41 |
| Defendants. | |
| _____/ | |

## REPORT OF LAND COMMISSIONER

The Commission finds that fair market value of the lands taken in these proceedings to be as is individually stated in the "Conclusion" of this Report. The Conclusion also identifies the dates of the declaration of Taking by the Plaintiff, as reflected in each of the Court files.

### APPEARANCES

Carlos Raurell of the U.S. Attorney's Offices for the Southern District of Florida appeared and represented the Plaintiff, the United States of America. None of the defendants, all of whom are corporate entities, appeared at the trial. Moreover, no expert witnesses were called on their behalf.

### STATEMENT OF PROCEEDING AND EVIDENCE

These consolidated cases were tried before the Land Commission on October 15, 2012, at the United States District Courthouse, Southern District of Florida, in Miami, Florida.

All the land tracts that were the subject of this proceeding are located within Miami-Dade County, Florida. Tract Nos. 145-37, 141-61, 141-62, 145-37 and 135-41 are located in Management Area 2A. Tract Nos. 114-104, 511-54 and 114-105 are located in Management Area 3C. These isolated tracts are all narrow strips of land that were shown as streets on overlay maps that land sellers used decades ago to sell lots in the Everglades to naïve buyers. No houses were ever built on any of the lots adjacent to these non-existent streets. Moreover, these narrow

2

strips of land can only be accessed through a canal, recreational vehicle, air boat, or swamp buggy, due in part to the water levels. Access to each tract also requires passing over or through adjoining land tracts, and none of the tracts are readily identifiable. Further, none of the tracts have been improved in any way.

The Plaintiff introduced documentary evidence that included maps, charts, and photographs which were admitted without objection. Plaintiff also called as a witness John R. Underwood, a Florida State Certified General Real Estate Appraiser whose certification number is 0000706. Mr. Underwood has both MAI and SRA designations and more than three decades of real estate appraisal experience with extensive experience in the South Florida market. He has previously been accepted as an expert on appraisal matters in numerous judicial proceedings including close to two dozen federal proceedings. He was accepted as an expert in this proceeding without objection.

Mr. Underwood testified that all of the land tracts are included within the larger land area for which Miami-Dade County enacted significant zoning and land-use restrictions. The restrictions, which were in place long before the taking of the subject properties, substantially limited the uses that could be made of all of the tracts, and those ordinances also increased the required amount of land that would be needed, even if any could satisfy or come within any of the approved uses. All of the land tracts in issue, moreover, are subject to substantial federal and state water regulations, as well as wet land regulations. These state and federal regulations have limited the potential uses for these land tracts, and have diminished any demand for them. The tracts in Management Area 3C are underwater for 3 to 6 months of the year and the tracts in Management Area 2A are underwater for 6 to 9 months of the year. In reality, passive recreational use was the only viable use for any of these properties at the time of the taking.

Mr. Underwood explained the methods he employed for appraising each land tract, he gave his opinion of the highest and best use of the land, taking into consideration the physical locations, lack of utilities, lack of roads, as well as the impact that the various regulations and ordinances have had. In addition, he detailed his method and opinion regarding valuation by using the comparable sales approach in appraising these properties.

It was Mr. Underwood's assessment that the highest and best use of all of the subject parcels was passive recreational use. Under applicable zoning regulations in place at the time of the taking, no structures or improvements could be built on any of the subject parcels.

Mr. Underwood used eight (8) comparables to arrive at his valuation of the subject properties. The per acre prices of the comparables used by Mr. Underwood ranged from $200 at the low end to $1,100 at the high end. Based on his analysis of these comparables, gauged against the attributes of the various parcels at issue, Mr. Underwood reached an opinion as to the value of each parcel at the time of the taking.

As noted, Mr. Underwood has been accepted as an expert in the area of real estate valuations in numerous prior federal proceedings. The Commission finds Mr. Underwood to be qualified and knowledgeable in land valuation. He presented credible uncontroverted testimony that was based upon objective facts, as well as logic and common sense.

## CONCLUSION

The Commission has been instructed by the Court that each landowner has the burden of proof with respect to establishing the value of the land that has been taken in the Declaration of Taking, and this value must be established by a preponderance of the evidence.

Based upon the evidence presented, and applying the instructions of the Court, the Commission therefor finds that each landowner in this proceeding is entitled to the following:

| Civil No. | Owner's Name | Tract No. | Acreage | Date of Taking | Value |
|---|---|---|---|---|---|
| 11-Civ-21035 | JPL Management Corp. | 114-104 | .11 | 03/25/11 | $100 |
| 11-Civ-22598 | JPL Management Corp. | 114-105 | .11 | 08/16/11 | $100 |
| 11-Civ-22599 | Dade Asset Corp. | 135-41 | .11 | 08/16/11 | $100 |
| 11-Civ-22594 | Dade Asset Corp. | 141-61 | .45 | 088/16/11 | $250 |
| 11-Civ-22597 | Dade Asset Corp. | 141-62 | .45 | 08/16/11 | $250 |
| 11-Civ-22593 | Buy Today, Inc. | 145-37 | .84 | 08/16/11 | $450 |
| 11-Civ-22595 | Moving West Corp. | 511-54 | .22 | 08/16/11 | $250 |
| 11-Civ-22596 | Moving West Corp. | 511-55 | .32 | 08/16/11 | $250 |

DATED at Miami-Dade County, Florida this 30th day of November, 2012.

_____
DAVID L. TOBIN

_____
KEVIN J. MURRAY

_____
VIVIAN RODRIGUEZ RIVEIRO

UNITED STATES LAND COMMISSIONERS

438789.01